UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MATTHEW FLUGENCE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-1193** |
| **DARRYL VANNOY, WARDEN** | **SECTION: "B"(5)** |

### REPORT AND RECOMMENDATION

On or about June 17, 2021, *pro se* Petitioner, Matthew Flugence, filed the instant application for federal habeas corpus relief. (Rec. doc. 1). The application was not accompanied by either the requisite filing fee or an application to proceed *in forma pauperis*. On June 22, 2021, the Clerk's Office notified Petitioner of the deficiency and instructed him to either pay the filing fee or submit an application to proceed without prepayment of fees. (Rec. doc. 2). He failed to respond by the deadline of July 13, 2021.

On July 21, 2021, the undersigned issued an order notifying Flugence that the petition was deficient, and directing that, on or before August 20, 2021, he either pay the required filing fee or submit an application to proceed *in forma pauperis*. (Rec. doc. 3). The order included a form copy of an application to proceed without prepayment of fees and affidavit, which was sent to Petitioner at the Louisiana State Penitentiary address in Angola, Louisiana, that he had provided to the Court. (*Id.*). Petitioner was warned that if he failed to comply with that order, the undersigned would recommend that this matter be dismissed. (*Id.*). Again, Petitioner did not respond. To date, Petitioner has not complied with this Court's order.

Despite being afforded several opportunities to do so, Petitioner has neither paid the filing fee nor submitted an application to proceed *in forma pauperis*. *See* Rule 3(a) of the Rules Governing Section 2254 Cases in the United States District Courts. Accordingly, this

matter should be dismissed without prejudice on that basis. *See*, *e.g.*, *Searls v. Cain*, No. 08-CV-0928, 2008 WL 1745142 (E.D. La. Apr. 10, 2008). Petitioner is expressly advised that any new application must be filed within the applicable statute of limitations, *see* 28 U.S.C. § 2244(d), and that any claims asserted therein must be fully exhausted in the state courts. *See* 28 U.S.C. § 2254(b)-(c).

## RECOMMENDATION

It is therefore **RECOMMENDED** that the federal application for habeas corpus relief filed by Matthew Flugence be **DISMISSED WITHOUT PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a Magistrate Judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[1]

New Orleans, Louisiana, this 8th day of September, 2021.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

[1] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.